[770 NYS2d 426]

In the Matter of Josephine C. Nwaigwe, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, December 29, 2003

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Jerome Karp, P.C.*, Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated January 17, 2003, which contained one charge of professional misconduct. After a preliminary conference on February 20, 2003, and a hearing on March 24, 2003, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent's counsel has submitted an affirmation in which he does not dispute the salient facts of the matter and submits that a censure would be an appropriate measure of discipline.

Charge One alleges that the respondent has engaged in conduct involving fraud, dishonesty, deceit, or misrepresentation which adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

From approximately December 1997 until December 2001 the respondent was employed as an attorney with the Church Avenue Merchants Block Association, Inc., and/or CAMBA Legal Services, Inc. (hereinafter CAMBA). CAMBA is a not-for-profit corporation funded by the state and local government which provides free legal services to its clients. Between September 2001 and December 2001, the respondent improperly solicited and accepted payments for legal services from CAMBA clients which should have been provided free of charge.

Inasmuch as the respondent admitted the factual allegations, the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the substantial mitigating factors submitted by the respondent.

The respondent asks the Court to consider that her misconduct was the result of financial pressure to assist her father. The respondent was born in Nigeria into a family of 12 children. She describes her father as a "civil servant" who supplemented the family income by farming. All of her siblings

had at least a high school education which was financed by her father. The respondent studied law at the University of London. She helped to earn her way through school by working as a chambermaid and dishwasher and also assisted her parents from her earnings. As a result of medical malpractice in Nigeria, the respondent's father became blind. The family decided to send the respondent's father to Italy for further medical treatment in an effort to restore his vision. The respondent felt morally obligated to assist financially.

At the time, the respondent and her husband had depleted all of their savings to purchase a home for themselves and their four children. The respondent readily acknowledges her errors in accepting funds from clients and in not rejecting their offers of payment. She is extremely remorseful and has, through counsel, remitted the $500 she received to CAMBA. Since being fired by CAMBA, the respondent has procured office space and is seeking to build a practice. She is being supported solely by her husband.

The respondent submitted five character letters attesting to her good reputation. She has also been involved in a number of charitable and community-related activities which provide assistance to orphans and to women who are victims of domestic violence.

The respondent has no prior disciplinary history.

Under these unique circumstances, the respondent is publicly censured for her professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, SMITH and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for her professional misconduct.